THE STATE v. CHARLES ROBINSON, Appellant.—130 S. W. (2d) 530.

Division Two, July 7, 1939.

*Max A. Patten* and *Al Shortridge* for appellant.

*Roy McKittrick,* Attorney General, and *Wm. Orr Sawyers* for respondent.

BOHLING, C.—Charles Robinson appeals from a judgment imposing a sentence of twenty-five years' imprisonment for the murder, in the second degree, of Lorraine Robinson, his wife. The homicide was admitted. Appellant's plea was self-defense. Error is predicated upon the admission of certain testimony and alleged misconduct of the prosecuting attorney.

Appellant contends the admission of testimony to the effect he had the reputation of being a quarrelsome and turbulent man was error because he adduced no evidence to establish his good reputation for peace and quietude. He relies on cases holding, or containing statements to the effect, that it is error for the State to show an accused's bad reputation for traits of character involved in the offense on trial when the accused has tendered an issue only with respect to his reputation for truth and veracity. [State v. Beckner, 194 Mo. 281, 288 (I), 295, 296, 91 S. W. 892, 893(I), 896; State v. Richardson, 194 Mo. 326, 342, 92 S. W. 649, 654; State v. Davis (Mo.), 217 S. W. 87, 90(I); State v. Baird, 288 Mo. 62, 66(II), 231 S. W. 625, 626-(3-8), 15 A. L. R. 1035; State v. Archie, 301 Mo. 392, 400(I, II), 256 S. W. 803, 806(1-4); State v. Williams, 337 Mo. 884, 894(6), 87 S. W. (2d) 175, 180(9).] If such were this case, appellant's contention would have to be sustained. An examination of the instant record discloses that appellant, first, during the cross-examination of a State's witness and later during the presentation of appellant's case in chief established that deceased had a bad reputation for being quarrelsome, violent and turbulent. The State thereafter adduced testimony that appellant had a bad reputation as a quarrelsome, violent and turbulent man.

■ We need not discuss the historical development of the law or in what circumstances testimony with respect to traits of character is admissible. The character of the accused may become involved in two aspects. If he testifies, he may be impeached for truth and veracity the same as other witnesses. [See State v. Williams, and

cases cited supra.] His reputation with respect to the essential traits of character involved in the offense for which he is on trial is always relevant as an aid in demonstrating his innocence; otherwise testimony establishing his good (as well as his bad) reputation with respect thereto would be inadmissible. ■ But, to preclude a possibility of unjust condemnation, the bad character of an accused, generally speaking, may not be made the subject matter of inquiry upon the trial until he tenders an issue involving his character. Of course, appellant's attack upon the character of deceased did not go to discredit deceased as a witness. Its purpose was to evidence the probability as to who was the aggressor and to substantiate appellant's·plea of self-defense. [Consult the Beckner, Archie, Baird and Richardson cases, supra.] The same reasoning which allows an accused to show his victim's·bad reputation underlies the admissibility of the accused's bad reputation. An accused is entitled to a fair trial. So, too, is the State, representing the victim and all citizens, that crime may be curbed. It will not do to say that only a part of the evidence bearing upon an issue is admissible. Impartial justice cannot be dispensed by allowing one litigant to present a given type of evidence bearing upon an ultimate factual issue while at the same time denying to his adversary the right to present his version of said issue by evidence of equal inherent quality. State v. Jones, 14 Mo. App. 588, 589, states: "(4) The character of the accused for violence may be inquired into where the homicide occurs under circumstances which render it doubtful whether the act was committed in self-defense under a well grounded apprehension of immediate danger, but his character generally may not be investigated." Upon appeal, this court en banc (79 Mo. 441) affirmed the judgment of the Court of Appeals, stating l. c. 446: ". . . we find no reversible error in the record . . ."; although point "(4)" was not specifically discussed. We do not place the instant ruling upon the broad ground stated in State v. Jones, supra. We here hold that where an accused tenders the factual issue of the bad character of the victim of his assault to substantiate his plea of self-defense he thereby extends the scope of the inquiry beyond the *res gestae* and opens up for inquiry all evidence of like quality having probative value on the merits of said ultimate factual issue. Said issue is not limited in scope to the reputation of one for the purpose of discrediting him as a witness, which was the issue discussed in the cases relied upon by appellant.

■ Appellant asserts error in the failure of the court to declare a mistrial and discharge the jury. This is based upon alleged misconduct of the prosecuting attorney in cross-examining witnesses. The prosecutor asked appellant if "on February 28, 1936, you shot . . . . ." The question was interrupted by an objection, which was immediately sustained. Appellant made no further re-

quest. Next, the prosecutor asked a physician if he had attended one Andrew Wright who appellant had shot. Again, the court sustained appellant's objection, instructed the jury to disregard the question, stating it was improper, but refused appellant's request to discharge the jury. Appellant saved an exception. Another witness was asked by the prosecutor if appellant were rooming at her house when appellant had his trouble with Andrew Wright. Again, the court sustained appellant's objection, instructed the jury to disregard the question, cautioned the prosecutor against such action, but refused to declare a mistrial. The record discloses no exception saved to the court's failure to declare a mistrial. The factual situation here differs vastly from that in State v. Lasson, 292 Mo. 155, 166[IV], 238 S. W. 101, 103[5], cited by appellant. That case, and others there cited, recognize that declaring a mistrial and discharging a jury, during the progress of a trial, rests largely within the sound discretion of the trial court. The instant questions were never answered. Appellant twice requested a mistrial but in only one instance attempted to preserve for appellate review the court's adverse ruling. This is some indication appellant then considered the court's action adequate. We think the record does not convict the court of an abuse of discretion. Consult: State v. Hamilton, 340 Mo. 768, 775[8], 102 S. W. (2d) 642, 646[11]; State v. Sinovich, 329 Mo. 909, 916, 46 S. W. (2d) 877, 880[12]; State v. Bersch, 276 Mo. 397, 424, 207 S. W. 809, 817[25].

We find no error in the record proper.

The judgment is affirmed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.