**STATE of Missouri, Respondent,**

v.

**Michael D. FEW, Appellant.**

**No. KCD 27289.**

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer
Denied Dec. 8, 1975.

Gerald M. Handley, Interim Public Defender, Cenobio Lozano, Jr., Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

The appellant (defendant) was found guilty by a jury of robbery first degree and was sentenced by the court below, under the Second Offender Act, to a sentence of imprisonment for a term of twenty-five years. Defendant's sole assertion of error, upon which he seeks a mandate of reversal, deals with a *question* propounded to a police detective, James Theisen, by the prosecuting attorney as to a pretrial lineup conducted at police headquarters. The defendant's brief sets forth his sole point in the following terms:

"THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTION AND IN DENYING HIS MOTION FOR MISTRIAL OCCASIONED BY THE STATE'S IMPROPER ATTEMPT TO ELICIT HEARSAY CORROBORATING EVIDENCE FROM DETECTIVE THIESSEN (SIC) THAT THE VICTIM IDENTIFIED APPELLANT BY SELECTING HIM FROM A LINEUP."

The evidence pertinent to the problem here presented may be briefly stated. On November 4, 1973, at about 8:30 a. m., the manager of the Shop-N-Go Market at 5353 E. 39th Street in Kansas City, Missouri, Luther Rice, looked up from his work and saw a man in the store brandishing a gun in his right hand. Immediately, Rice heard the gun fire and was struck in the left thigh by a bullet. Rice slumped to the floor and the robber came and stood over him and demanded to know where the money was located, and Rice directed him to a cash

register. The robber went to the register, opened it and placed the money in his pocket. A girl then came into the store and the man told her to obtain the contents of another cash register, which she did.

The robber then removed some food stamps from an open safe and then at gunpoint forced Rice to a back room of the store, where he removed some money from a filing drawer. He then forced Rice to remove his wristwatch, which the robber took and then left the premises.

Rice testified that from his first sight of the robber until he left the store, about 4 to 4½ minutes elapsed; the light conditions were good; his eyesight was good; and he had the opportunity to view his assailant from all angles, including 3 or 4 occasions face-to-face as close as one foot apart.

■ Rice testified that on November 9, 1973, he attended a police lineup and identified the defendant as the man who shot him and robbed the store on November 4, 1973. Such testimony of the victim was clearly admissible and proper. *State v. Rima*, 395 S.W.2d 102, 105[3] (Mo. banc 1965). His identification was positive and unequivocal, and no suggestion appears that such lineup was in any way improper or that any improper suggestion or influence was exerted by police officials to bring about such identification. Rice's in-court identification of defendant was likewise positive and obviously rested upon opportunity and observations entirely independent of the lineup, and such identification was in no way impeached nor was it shown that Rice had made any prior statements inconsistent with his identification of the defendant.

Following the trial testimony of Luther Rice, the state called James Theisen, a detective assigned to the robbery unit of the Kansas City, Missouri police department. He testified that he had participated in the lineup of November 9, 1973 and identified a lineup photograph taken by him on that occasion. Thereupon, the following trial incident, which forms the basis for the presently urged error, appears in the transcript.

*DIRECT EXAMINATION by the State*:

\* \* \* \* \* \*

"Q Detective Theisen, can you tell me on that day if Mr. Rice identified anyone from that lineup?

(Counsel approached the bench and the following proceedings were had:)

MR. HAGGERTY: [Defense counsel] I am going to object to that question *and answer* and move for a mistrial, Your Honor, as I understand it, I am moving for a mistrial at this point. The prosecuting attorney is attempting to introduce hearsay evidence before this jury, that the person that the witness identified [was] the defendant. This is clearly prejudicial.

MR. EDWARDS: [Counsel for State] We can settle this right now. We are not trying to introduce this, that is the last—

MR. HAGGERTY: Doesn't make any difference, he already said was identification made. [sic]

THE COURT: What is your objection?

MR. HAGGERTY: Objection, is hearsay, it is prejudicial and it is not relevant, it was not called for, there is no challenge of the identification made at the lineup of the witness Michael. I believe the defendant is entitled to mistrial for—

THE COURT: Objection overruled and motion for mistrial denied. Don't pursue that any further, Mr. DiCavalcante. [Cocounsel for State]

(The proceedings returned to open court.)" (Emphasis and material in brackets added)

The state thereupon offered the lineup photograph, defendant's objection thereto was sustained, and, of course, the jury never viewed the photograph.

■ It is objectionable for a third person to testify as to an extrajudicial identifica-

tion made by a victim of the crime or an identifying witness, except where such testimony is introduced to rehabilitate the witness after he has been impeached. *State v. Degraffenreid*, 477 S.W.2d 57, 62–64[12, 13] (Mo. banc 1972).

 A careful analysis of the question here involved discloses that it did not come within the precise proscription of the rule above noted. The question to Theisen was, if Rice had identified *anyone* at the lineup, not *who* was so identified. No doubt can exist, however, that the next question, as to the identity of the person so identified, would have followed‹as inevitably as night follows day. However, it must be noted that the first general question was never *answered*. The trial court's admonition to the prosecutor not to "pursue that any further" effectively blocked the path toward error and prevented the introduction of the objectionable hearsay.

Defendant does not claim, nor does it appear that the prosecutor was acting in bad faith in propounding the question. No request was made to the trial court to admonish the jury to disregard the question. Rice had previously testified, without objection, that he had made the lineup identification of the defendant. It therefore does not appear how the defendant's rights were impaired or how he was prejudiced by this trial incident.

The cases of *State v. Degraffenreid*, supra, and *State v. Fleming*, 354 Mo. 31, 188 S.W.2d 12 (1945), relied upon by defendant, are not authoritative here, except as to the general principles, above recognized as applicable in cases involving extrajudicial corroborating evidence by third persons as to identification. In *Degraffenreid*, the testimony of a police officer corroborating the extrajudicial identification testimony of an identifying witness, and in *Fleming*, that testimony corroborating the extrajudicial identification testimony of a victim was *admitted* over objection. Here, no such corroborating testimony was ever introduced before the jury.

 The granting of a mistrial rests largely within the discretion of the trial court; is a drastic remedy; should be exercised only in those circumstances in which no action short of a mistrial will remove the prejudice asserted; and, an appellate court should reverse a case only where an abuse of discretion in refusing to declare a mistrial clearly appears. *State v. Johnson*, 504 S.W.2d 23, 29[7] (Mo.1973); *State v. Duncan*, 499 S.W.2d 476, 479[6, 7, 8] (Mo. 1973). Every error which may occur at trial does not require the drastic action of declaring a mistrial. *State v. Smith*, 431 S.W.2d 74, 82–83[21–24] (Mo.1968).

In the case of *State v. Whipkey*, 361 Mo. 1008, 238 S.W.2d 374, 378[11] (1951), improper questions were propounded, objections sustained, and mistrial denied. The court held that since the questions were not answered, no reversible error was established. See also: *State v. Robinson*, 344 Mo. 1094, 130 S.W.2d 530, 532[5] (1939).

Here, while the question propounded to Officer Theisen was improper, it was never answered. Although the trial court did not sustain the objection (in fact, it was overruled on the record and out of the hearing of the jury), effective action was taken by the trial court to shut off this line of inquiry. On this record, no abuse of discretion appears that would require reversal.

The judgment is affirmed.

All concur.