**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Richard PAGE, Defendant-Appellant.**

**No. 39580.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 30, 1979.

James F. Booth, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

The defendant appeals from a verdict of the jury finding him guilty of manslaughter. He was sentenced by the court under the Second Offender Act to a term of ten years.

The defendant was charged with Murder in the Second Degree and Robbery by Means of a Dangerous and Deadly Weapon. The court sustained defendant's motion for judgment of acquittal as to the robbery count.

The defendant does not challenge the sufficiency of the evidence as to the manslaughter conviction. There was sufficient evidence for the jury to have found that the defendant killed the victim with a .22 caliber sawed-off rifle. The defendant had claimed self-defense, and the court gave a self-defense instruction.

Defendant first contends that it was "error for the State's attorney to cross examine the defendant as to his use of L.S.D. or 'acid' when the source of this information was a report of a psychiatric examination the defendant underwent after being charged in the above entitled cause." § 552.030(6), RSMo. (1969). Initially, we note that defense attorney made no objection during cross-examination and therefore failed to preserve the issue for appellate review. *State v. Franco,* 544 S.W.2d 533, 537 (Mo. banc 1976). Secondly, there is absolutely no evidence in the record to support defendant's contention as to the source of the information. As stated in *State v. Huff,* 537 S.W.2d 836, 837 (Mo.App.1976), "Asserted legal points, in order to rise to the level of justiciable issues, must rest on a footing more solid than speculation, conjecture and surmise."

Defendant's second point alleges "[t]hat it was error for the trial Court [sic] to allow the State's attorney to cross-examine defense witness, Arnold Hamilton, as to specific acts relating to the character and arrests of the defendant in order to establish the defendant's reputation in the community."

Defendant's defense was self-defense. One of his witnesses was Arnold Hamilton. During Hamilton's testimony the defense attorney asked him if he knew "Donald Griffin's [the victim] reputation in the community for turbulence and violence," to which Hamilton replied that he did and that the reputation was "bad."

On cross-examination, the Assistant Prosecuting Attorney asked Hamilton about the defendant's reputation in the community for turbulence and violence. To this Hamilton responded that defendant was a "thief" but not a "violent type guy." The Prosecuting Attorney then asked if he knew or had heard it rumored in the community that Richard Page was arrested on August 14 of 1975 for armed robbery. He answered, "No." The Prosecuting Attorney then queried, "Did you know that on August 23 of 1976 that [sic] he was arrested for assault with intent to kill with malice aforethought?" To this Hamilton replied, "No." Hamilton further testified that if he had known these things, it would not have changed his opinion. Defendant objected to the questions as to the arrests, but the court overruled his objections.

Defendant cites *State v. Johnson,* 496 S.W.2d 852, 857 (Mo.1973), which holds that "reputation testimony is admissible only when the defendant has put his reputation in issue", and *State v. Earvin,* 510 S.W.2d 419, 422 (Mo.1974), where the Supreme Court reiterated the long standing rule that proof of specific acts of misbehavior do not constitute admissible testimony to counter evidence of the defendant's good reputation for peaceful behavior.

When the defendant placed the issue of the victim's reputation as a violent and turbulent man before the jury, he also placed his own. This was decided in *State v. Robinson,* 344 Mo. 1094, 130 S.W.2d 530, 532 (1939), where the court said:

We here hold that where an accused tenders the factual issue of the bad character of the victim of his assault to sub-

stantiate his plea of self-defense he thereby extends the scope of the inquiry beyond the res gestae and opens up for inquiry all evidence of like quality having probative value on the merits of said ultimate factual issue.

Under the circumstances of this case where the witness had implicitly and explicitly testified as to the good reputation of the defendant for peacefulness and quietude, the state had a right to test that witness's credibility concerning the defendant's reputation. This could be done by cross-examination as to the facts of prior arrests, not to establish the truth of those facts but to ascertain what weight should be given to his testimony. *State v. Burr,* 542 S.W.2d 527, 532 (Mo.App.1976).

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.