STATE of Missouri,
Plaintiff–Respondent,

v.

Kelvin JACKSON, Defendant–Appellant.

No. 54308.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 21, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 18, 1989.

Application to Transfer Denied
May 16, 1989.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of two counts of illegal possession of drugs, i.e., heroin and cocaine, and his concurrent ten-year sentence on each count as

a prior and persistent offender. Sec. 558.-016 and 557.036.4 RSMo 1986. We affirm.

Two police officers on patrol saw a group of people in animated discussion in front of an apartment complex. When they approached to investigate three of the participants ran into an apartment. The officers briefly pursued and then returned to the larger group. As they approached they observed defendant remove two plastic packets from his pocket and drop them to the ground. The police retrieved the packets which contained ten capsules of heroin and seven capsules of cocaine. Defendant was placed under arrest.

In defense the defendant produced a witness, Andrew Thompson, who testified that the packets were his and that he had dropped them to the ground. Thompson was a friend of defendant and came forward with his evidence for the first time the day before trial. Thompson had four convictions for stealing and was in the workhouse following a parole revocation. Defendant was also an inmate at the workhouse awaiting trial.

■ On appeal defendant raises three claims of error. We will discuss them in the order they occurred at trial. The first claim of error arose during voir dire examination of the venire panel. Defense attorney in questioning the panel concerning burden of proof and reasonable doubt hypothesized with several of the panel their reaction if defendant presented no evidence or no testimony. Not unexpectedly one panel member indicated that he would like to hear both sides and "I would like, you know, you to prove to me that he's innocent. And the same on the other behalf." Following some further discussion between the venireman and counsel on that subject the court interrupted. It advised the panel that they would be required to follow all of the instructions of the court. It further stated:

"Now in the event, and the Court is unaware at this time as well as probably counsel for the defendant whether or not the defense will put on any evidence. But in the event they choose not to put on any evidence, you will be instructed further that you cannot consider this, the lack of putting on any evidence, insofar as arriving at your determination of the guilt or innocence. This is the law. It's part of the law that is in our constitution *that nobody is required to testify against himself.* And that's why you will receive that instruction in the event that the defense does not put on any evidence.

"And you will be required to follow that instruction no matter what your feelings might be or what you want to hear. Your decision in any trial is to be based upon the evidence that you do hear in the courtroom and the instructions that the judge gives to you." (Emphasis supplied).

No objection was made at trial nor in the motion for new trial. Defendant now premises error upon the emphasized phrase as a direct reference to defendant's failure to testify and as implying that such testimony as defendant might give would tend to incriminate him contrary to the presumption of innocence. The issue is reviewable only as plain error requiring us to find that the court's statement created manifest injustice or caused a miscarriage of justice. *State v. Sandles*, 740 S.W.2d 169 (Mo. banc 1987) [10, 11]. We find neither.

Occurring in voir dire the statement was obviously not a comment on defendant's failure to testify. It was phrased in the context that that decision had not as yet been made. Nor can we construe it as having the effect of compelling the defendant to testify. It arose following extensive questioning by defense counsel of the venire panel's reactions if defendant presented no evidence, obviously including his own testimony. The explanation became necessary because of confusion by at least one venireman between his not unreasonable desire to hear both sides of the story and the legal requirements placing the burden of proof on the state. The explanation given by the court was legally correct.

It can be admitted that the language utilized was not fortuitous as it could, in a pristine sense, carry the implication that

the testimony defendant would give would be against himself. The language does, however, parallel both the United States and Missouri Constitutions. U.S. Const. Fifth Amendment, Mo. Const., Art. I., Sec. 19. Further, it strains credulity to believe that a reasonable juror would construe the court's statement of defendant's legal rights as a statement of fact that defendant's testimony was known to the judge and would in the judge's opinion serve to incriminate him. We find no plain error.

■ Defendant next premises error on the prosecutor's cross-examination of Thompson. Specifically defendant objects on the basis that the areas of questioning were collateral and irrelevant, were attempts to impeach Thompson with specific acts of immorality and that the prosecutor persisted in such questioning even though objections were sustained. The scope of cross-examination and the determination of which matters may bear on a witness' credibility are largely within the discretion of the trial court and we will not interfere with those decisions in the absence of an abuse of discretion. *State v. Williams,* 492 S.W.2d 1 (Mo.App.1973) [2, 3]. While a cross-examiner may not ask any and all questions concerning the morality and honesty of the witness, he may within the court's discretion ask any question directed to test the witness' recollection, accuracy, veracity or credibility, however irrelevant such examination may be to the basic issues. *State v. Brunson,* 555 S.W.2d 359 (Mo.App.1977) [2-5]. We are unable to conclude that the attempted questioning by the prosecutor went beyond permissible bounds. Thompson was questioned about his convictions for stealing. That is a permissible area of cross-examination to test credibility. Thompson was questioned about his employment (none) and his access to funds (imprecise). Thompson testified he bought the drugs involved earlier in the day at a cost of $170. Questions concerning his employment and access to money were relevant to test the accuracy of his testimony that he had purchased the drugs. This in turn led to questions the answers to which indicated Thompson was a pimp and received the money from women. Certain

questions concerning those activities and the identity of the women were sustained. Thompson testified that he obtained the drugs from a stranger in the central west end on the day or day before the defendant's arrest. Questions about how the stranger knew Thompson wanted drugs were sustained on the basis such questions sought answers Thompson could not know. The questions as phrased were objectionable but we cannot say the area of inquiry of the circumstances surrounding the alleged purchase was. Objections to other questions involving the frequency and location of Thompson's drug transactions with strangers were overruled.

The credibility of Thompson was a critical issue in the case. If his testimony was accurate defendant was not guilty of the crimes charged. We are unable to conclude that the areas of inquiry by the prosecutor were so collateral as to make the inquiries prejudicial. While some of the questions were regarded as irrelevant by the court and others were improperly phrased we conclude the examination did not exceed permissible bounds nor did the prosecutor impermissably persist in questioning on forbidden areas. The only relief requested was one request for admonishment which was overruled. We find no error.

■ Defendant's last point involves the final argument of the prosecutor. In it the prosecutor stated about Thompson: "Everything that his witness knows is in the police report." Objection was raised to that statement on the basis the police report was not in evidence. It was not. Generally speaking a prosecutor may only argue matters which are in evidence. *State v. Carothers,* 743 S.W.2d 489 (Mo.App. 1987) [3]. Prosecutorial comments referring to facts not before the jury may be permissible so long as they do not imply special knowledge of the prosecutor pointing to the guilt of the defendant. *Id; State v. Newlon,* 627 S.W.2d 606 (Mo. banc 1982) [15-18], cert. den. 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149. A conviction will be reversed for improper argument only if it is established the complained of

comments had a decisive effect on the jury. *Id.* Failure to object at the earliest opportunity to the admission of evidence or argument of counsel constitutes a waiver of the claim. *State v. Pospeshil,* 674 S.W.2d 628 (Mo.App.1984) [8–10]. In the opening argument of the prosecutor he made two distinct statements that the only thing Thompson knew or testified to was in the police report. Neither statement was objected to. Had the objection to final argument been sustained the jury would still have had the prior two unobjected-to statements before it. We are unable to conclude that the defendant sustained any prejudice from the trial court's failure to sustain the objection.

Judgment affirmed.

STEPHAN and SATZ, JJ., concur.