**STATE of Missouri, Respondent,**

v.

**Tom BRADSHAW, Appellant.**

**Thomas BRADSHAW, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 44923, WD 46174.**

Missouri Court of Appeals,
Western District.

Jan. 19, 1993.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Thomas Bradshaw, was found guilty by a jury in the Circuit Court of Callaway County of promoting prostitution in the third degree, in violation of section 567.070, RSMo 1986. By its verdict, the jury recommended a term of five years imprisonment. The judge sentenced appellant to five years in the custody of the Missouri Department of Corrections on June 3, 1991.

Bradshaw challenges his conviction in this appeal as well as the denial of his Rule 29.15 motion for postconviction relief following an evidentiary hearing.

Bradshaw's jury trial took place on May 1, 1991. His notice of appeal was filed on June 6, 1991. On October 4, 1991, Bradshaw filed his *pro se* motion for postconviction relief pursuant to Rule 29.15. Counsel was appointed, and an amended motion was filed on December 4, 1991. The motion alleged, in part, that appellant had received ineffective assistance of counsel in that counsel failed to object to an improper colloquy between the prosecutor and a venireperson during voir dire, and failed to object to the prosecutor's improper closing argument.

After an evidentiary hearing, held on January 8, 1992, the motion court denied appellant's Rule 29.15 motion. Notice of appeal was filed on May 6, 1992.

In his first point on appeal, appellant argues that the trial court committed plain error in failing to declare a mistrial and to quash the jury panel *sua sponte* because the prosecutor's voir dire denied appellant his rights to a fair trial and due process of law. Specifically, appellant argues that the prosecutor's colloquy with a particular venireperson, wherein the prosecutor informed the panel that the judge can reduce the sentence recommended by the jury, altered the jury's sense of responsibility for the sentence they were to assess by their verdict, making the trial fundamentally unfair.

■ The assertion of plain error places a much greater burden on a defendant than when he has preserved the issue at trial. *State v. Hunn,* 821 S.W.2d 866, 869 (Mo. App.1991).[1] In addition to showing that prejudicial error resulted, a defendant, to establish plain error, must show that the error so substantially affects his rights that manifest injustice or a miscarriage of justice will result if left uncorrected. *Id.* at 869–70.

■ Appellant relies primarily on *Caldwell v. Mississippi,* 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), and *State v. Stutts,* 723 S.W.2d 594 (Mo.App.1987), for his argument that the prosecutor's colloquy with a venireperson explaining that the judge can reduce the jury's recommended sentence was improper and grounds for a mistrial. *Caldwell* prohibits misleading the jury as to their role in the sentencing process; it does not prohibit correct statements of law. *State v. Feltrop,* 803 S.W.2d 1, 9 (Mo. banc) *cert. denied,* —— U.S. ——, 111 S.Ct. 2918, 115 L.Ed.2d 1081 (1991) (citing *Dugger v. Adams,* 489 U.S. 401, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989)). *Stutts* held that plain error was committed, resulting in manifest injustice, when the court overruled the objection to the prosecutor's technically correct argument and told the jury that the court was not bound by their sentencing decision. *Stutts,* 723 S.W.2d at 597.[2]

*Stutts* is distinguishable from the case at bar. In *Stutts,* the prosecutor, during final

---

1. As already mentioned, appellant argues that the trial court committed plain error. Even though appellant has failed to preserve his claim for appeal, this court has discretion to review it under the plain error doctrine. Rule 30.20.

2. Rule 29.05 gives the judge "power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." In other words, a judge can reduce the sentence recommended by the jury.

argument to the jury, stated, "You have the ability to give [the defendant] any number of years you want. Remember, your verdict is a recommendation to the Court. The Judge can lower whatever verdict you—[objection by defense counsel]" *Id.* at 595. In overruling defense counsel's objection, the judge stated, "Of course I'm not bound by [the jury's] decision," in the hearing of the jury. *Id.* at 595. Thus, the trial court in *Stutts* voiced approval of the prosecutor's argument. In doing so, "the jury knew from the court's own statement that whatever sentence they gave was not binding on the court." *Id.* at 597. The factors essential to the court's holding were (1) the prosecutor's encouragement to the jury to undervalue its role in sentencing, and (2) the endorsement by the trial court of the prosecutor's argument. *Id.* at 596. "The court's statement, coupled with the prosecutor's urging that the jury give Stutts every year it could 'possibly give him,' could only have left the jury with the impression that it did not matter what sentence they decided on, because the court could reduce it, anyway." *Id.* at 597.

In the case at bar, the colloquy which is the basis for appellant's argument occurred during voir dire and is as follows:

VENIREPERSON WEBER: I've got a question.

MR. STERNER [PROSECUTOR]: Mr. Weber?

VENIREPERSON WEBER: Yes. I understand it that the jurors decide the sentence, or does he just, does the judge just take our, I don't know what they call it, recommendation for sentence? If we come back and say that he gets five years and $5,000, does the judge take that as the sentence or does the judge, can the judge overrule the sentence?

MR. STERNER: Okay. You should know that you will set the maximum. The judge can impose a sentence no greater than what the jury says.

VENIREPERSON WEBER: No greater, but he can drop it down?

MR. STERNER: He can drop it down. Knowing that, would you have a problem sitting as a juror?

VENIREPERSON WEBER: No. No, I would not.

This exchange was not objected to by defense counsel. The above colloquy is distinguishable from *Stutts* in that there was no "encouragement to the jury to undervalue its role in sentencing." The prosecutor was merely responding to Weber's question and giving an accurate statement of law. Furthermore, and most significantly, there was no "endorsement" by the court of the prosecutor's statement. The court, in fact, made no remark. By contrast, the trial court's remark in *Stutts* was key to the court's holding that plain error was committed because a court's remark as to the jury's role in sentencing "carries an authority with the jury far beyond any argument by counsel." *Id.* at 597.

The facts in the case at bar do not warrant a finding that appellant's rights were so substantially affected by the prosecutor's statement such that manifest injustice would occur. The prosecutor's response to the venireperson's question did not mislead the jury as to its role in the sentencing process in such a way as to make the trial fundamentally unfair.

Appellant's first point is denied.

■ In his second point on appeal, appellant argues that the trial court committed plain error in failing to declare a mistrial *sua sponte* during the prosecutor's closing argument when the prosecutor improperly argued that appellant's trial constituted a "guilty plea." [3]

The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review. *State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc)

---

3. Note that appellant did not object at trial to the statement made in the prosecutor's closing argument. The review of unpreserved claims is limited to the standard of plain error, which exists only when the court finds that a manifest injustice or a miscarriage of justice has oc-

curred. *State v. McMillin,* 783 S.W.2d 82, 95 (Mo. banc) *cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990); Rule 30.20. Appellant contends that the statements made injected "poison and prejudice" into the case rising to the level of plain error.

*cert. denied,* 498 U.S. 881, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990) (citations omitted). The court in *McMillin* rejected appellant's claim that the trial court erred in failing to declare *sua sponte* a mistrial after an improper closing argument, and found that appellant waived his claim of error by failure to preserve error. *Id.*

The court in *State v. Schlup,* 785 S.W.2d 796, 802 (Mo.App.1990), stated, "[r]elief should rarely be granted on an assertion of plain error to matters contained in arguments because trial strategy looms as an important consideration and such assertions are generally denied without explication." The court further stated that a claim of plain error alleging errors committed during closing arguments does not justify relief on appeal unless determined to have a decisive effect on the jury. *Id.* Finally, the trial court is in the best position to assess the prejudicial effect of the prosecutor's remark, and unless its discretion is clearly abused to the prejudice of defendant, the court's rulings on closing argument will not be disturbed on appeal. *Id.* at 803.

In the case at bar, the prosecutor, during his closing argument, stated in part to the jury, "What you folks have heard today is, in effect, a real long guilty plea." The prosecutor went on to clarify his remark by saying, "the defendant got on the stand, and he said just about everything that the State's witnesses had said.... [Defendant] has admitted everything that he's charged with." Essentially, the prosecutor was arguing that appellant confirmed the facts that made him guilty under the statute. The record reflects that this was, indeed, the case.

We find that there was no manifest injustice in the trial court's allowing these remarks. The remarks simply confirmed what was adduced at trial and, thus, they could not have had a decisive effect on the jury.

Appellant's second point is denied.

■ In his third point on appeal,[4] appellant argues that the motion court clearly erred in denying appellant's motion for postconviction relief pursuant to Rule 29.15 because he was denied his right to effective assistance of counsel in that trial counsel failed to object to the prosecutor's statements during voir dire discussed in Point One above, and failed to object to the portion of the prosecutor's closing argument discussed in Point Two above.

The appellate court's review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Amrine v. State,* 785 S.W.2d 531, 533 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990); Rule 29.15(j). Such findings and conclusions of the motion court are clearly erroneous if, upon review of the entire record, "the appellate court is left with the 'definite and firm impression that a mistake has been made.'" *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App.1988) (quoting *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App.1985)).

In order to prevail on a claim of ineffective assistance of counsel, a postconviction movant must prove by a preponderance of the evidence that the attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that movant was thereby prejudiced. *Amrine v. State,* 785 S.W.2d at 534. The court begins with the strong presumption that counsel acted reasonably and competently. *Id.* Consequently, movant is faced with a "heavy burden." *Id.*

The mere failure to make objections does not constitute ineffective assistance of counsel. *Joiner v. State,* 621 S.W.2d 336, 338 (Mo.App.1981). Appellant must show that the prosecutor's comments constituted prejudicial error. *Id.*

Appellant has failed to show that he was prejudiced by the actions of his counsel in failing to object or that the result of the trial would have been at all different had

---

4. We take up appellant's fourth point in his brief as the third point in this opinion, as it most logically follows the first two points. Con-sequently, the fourth point addressed in this opinion is really the third point argued in appellant's brief.

his counsel objected. As already discussed in Points One and Two above, appellant's claims lack merit, the prosecutor's statements did not constitute prejudicial error, and, thus, appellant was not prejudiced by the actions of his counsel. The motion court's findings were not clearly erroneous.

Appellant's third point is denied.

■ In his fourth point on appeal, appellant argues that the trial court committed plain error in giving Instruction Number 4, patterned after MAI–CR3d 302.04, because its definition of "reasonable doubt" allowed a finding of guilt below that required by due process.

Instruction Number 4 defines proof beyond a reasonable doubt as "proof that leaves you firmly convinced of the defendant's guilt." This instruction contains the exact language as MAI–CR3d 302.04. The Missouri Supreme Court has repeatedly upheld this instruction. *State v. Blankenship*, 830 S.W.2d 1, 13 (Mo. banc 1992) (citations omitted); *State v. Taylor*, 831 S.W.2d 266, 271 (Mo.App.1992).

We find no plain error.

The judgment is affirmed.

All concur.