**STATE of Missouri, Respondent,**

v.

**William Everet NASH, Appellant.**

**William Everet NASH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65191, 67176.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 13, 1995.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, William E. Nash, appeals convictions of forcible rape, § 566.030 RSMo Supp.1986, and forcible sodomy, § 566.060 RSMo Supp.1986. Defendant also appeals denial of his motion for post-conviction relief pursuant to Rule 29.15, after an evidentiary hearing. This consolidated appeal follows. We affirm.

Viewed in the light most favorable to the verdict, the evidence presented to the jury was as follows. On June 29, 1991, fifteen-year-old M.E. went on a fishing trip with her stepfather, Raymond Wickerham, and defendant. She joined them because Wickerham promised to teach her how to drive. She had just received her permit.

After fishing and drinking for about an hour, Wickerham and defendant decided to try another lake. While en route, Wickerham made a wrong turn and continued down roads which caused M.E. to become suspicious. She questioned where they were going. Wickerham responded in a suggestive manner.

Eventually Wickerham stopped the car at the top of a hill in a secluded area. Ignoring M.E.'s protests, Wickerham and defendant tugged at her to get out of the car. They forcibly removed her clothes. Smelling of marihuana and alcohol, the two men committed acts on her constituting forcible rape and sodomy. At trial, defendant testified and denied committing those specific acts

charged but admitted to being present and unlawful touching.

Later that night, M.E. told her mother what happened. Her mother confronted and accused Wickerham and defendant of rape. Both men confessed and in exchange for not going to the police, defendant agreed to never see M.E. again. M.E. and her mother contacted the police two years later after similar but unrelated events.

The jury found defendant guilty of forcible rape and forcible sodomy. Defendant filed a Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury, or in the Alternative for a New Trial. In relevant part, defendant claimed the trial court erred in overruling his pre-trial motion for sanctions because the state failed to comply with a discovery order. The motion was overruled. The trial court sentenced defendant to life imprisonment for rape and twenty-five years for sodomy, to be served consecutively.

Defendant timely filed a *pro se* Rule 29.15 motion alleging ineffective assistance of counsel. He claimed trial counsel was ineffective in failing to file a motion for change of venue from Washington County. The motion court filed "Findings of Fact and Conclusions of Law" overruling defendant's motion after an evidentiary hearing.

■ Defendant presents two points on appeal. In Point I, he argues the trial court erred in overruling a pre-trial motion for sanctions. He claims entitlement to a continuance because the state failed to provide the results of a rape kit performed on M.E. He argues the suppression of evidence by the prosecution violated his rights under the Fifth and Fourteenth Amendments. Defendant cites *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963) and *State v. Carr*, 610 S.W.2d 296 (Mo.App.1980), to support his contention.

■ Under *Brady* and *Carr*, the prosecution violates due process by suppressing evidence favorable to and requested by an accused person where the evidence is material to either guilt or punishment. In *Carr*, the decisive issue was whether the evidence was material such that a failure to produce it would result in a fundamental unfairness to

the defendant. *Carr*, 610 S.W.2d at 299. Upon the failure or inability of the prosecution to produce evidence, the imposition of sanctions is within the sound discretion of the trial court. *Id.* An abuse of discretion occurs only where the trial court fails to impose a sanction when the nonproduced information was of such a character that a reasonable likelihood existed that it would have affected the outcome of the trial. *Id.*

Here, no abuse occurred because the forensic results from the rape kit were not material or exculpatory to the guilt of defendant. The rape kit in question was not performed in response to or immediately following the criminal acts the state charged against defendant. Rather, it was performed approximately two years later in an investigation of unrelated rape charges. The results of this rape kit are immaterial to the case against defendant.

■ A defendant has the burden of showing that the evidence he seeks is both material and exculpatory. *State v. Schlup*, 785 S.W.2d 796, 800 (Mo.App.1990). Defendant argues the rape kit result could be exculpatory because it would show whether M.E.'s hymen was still intact thereby providing evidence of his innocence. The trial court rejected defendant's argument noting that a rape kit had nothing to do with proof of that condition. We find no abuse of discretion based on these facts. Point I denied.

■ In Point II, defendant claims the motion court erred in overruling his Rule 29.15 motion alleging ineffective assistance of counsel because of trial counsel's failure to file a motion for change of venue. Review of a motion court's decision is limited to a determination of whether the findings, conclusions, and judgment are clearly erroneous. *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990). Findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Id.*

To establish ineffective assistance of counsel, movant must show: (1) that counsel's representation failed to conform to the degree of skill, care, and diligence of a reason-

ably competent attorney under similar circumstances, and (2) movant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 689–692, 104 S.Ct. 2052, 2065–67, 80 L.Ed.2d 674 (1984). To satisfy the second element, movant must establish a reasonable probability that, but for the alleged errors of counsel, the result of this trial would have been different. *Id.* at 697, 104 S.Ct. at 2069–70.

Point II is denied for three reasons. First, the motion court found defendant was advised of his right to a change of venue by his trial counsel and failed to exercise this right within a reasonable length of time. The testimony of trial counsel at the evidentiary hearing supports this finding. Second, defendant failed to establish any prejudice or demonstrate why the outcome would be different if the trial had been moved from Washington county. Finally, neither of the two public defenders who previously represented defendant, prior to trial counsel, found good reason to file a motion for change of venue.

We affirm.

AHRENS, P.J., and SIMON, J., concur.