STATE of Missouri, Respondent,

v.

Gerald L. TATE, Appellant.

No. WD 46214.

Missouri Court of Appeals,
Western District.

March 30, 1993.

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., Aundreia R. Alexander, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and SPINDEN, JJ.

LOWENSTEIN, Chief Judge.

A jury convicted the appellant, Gerald L. Tate, of the class B felony of sodomy under § 566.060.3, Cum.Supp.1992. He received a fifteen-year sentence. Tate, in his two points on appeal, alleges the trial court erred when the judge sustained the State's objection to defense counsel's cross-examination of his accuser and failed to declare a mistrial during the prosecutor's closing argument because the prosecutor asked the jury to search for the "reasonable truth."

On October 2, 1989, Tate stayed at home and watched the ten-year old victim and some other children while his wife and her friends went to a Bon Jovi concert. The victim, the State's only witness, testified he woke up because his "pants were coming off. And Jerry [Tate] started messing around with me, and I was too scared to tell him to stop." The defendant placed his mouth and hands on the child's penis.

During the trial, the defense attorney attempted to lay a foundation to enter extrinsic evidence of the victim's prior inconsistent statements in the defendant's first sodomy trial, which resulted in a mistrial. The judge sustained several objections based on lack of foundation during the defense attorney's attempt to enter the transcript from the previous trial. Based on the transcript references in the appellant's brief, it appears as though the defense wanted the jury to hear that the victim had previously testified he watched "Freddy Krueger" on television. On the day of the trial based on this appeal, the boy testified he watched "Freddy Krueger" on a video tape. In addition, defense counsel asked some questions regarding when the defendant touched him. In the process of laying the foundation for the inconsistent statements, defense counsel asked the victim if he remembered he testified previously about when the defendant touched him. Defense counsel read the relevant portions of the previous trial transcript to the victim.

Q. .... I want to start with your statement that the Bon Jovi concert was the fourth time that this happened; is that right?

A. Yes ...

Q. Do you remember under testimony that night that you said that the Bon Jovi concert actually was the third time? Do you remember that?

A. No.

Q. Do you remember being questioned: "Q. Now had he ever done that to you before, put his mouth on your privates?
A. Yes."

Q. Do you remember that?

A. Yes.

Q. And then do you remember:
"Q. When was that?
A. Before and after the Bon Jovi concert."
Do you remember that?

A. No.

Defense counsel then attempted to lay a foundation to get the transcript admitted into evidence by showing the victim the transcript. The state objected based on lack of foundation to show the victim the transcript. The court sustained the objection. Later, defense counsel switched to the subject of the Freddy Krueger movie.

The victim said he remembered testifying about watching Freddy Krueger during the previous trial.

Q. Do you remember testifying about watching Freddy Krueger?

A. Yes.

Q. Do you remember testifying that you watched Freddy Krueger on T.V.?

A. Yes.

Q. Okay. So do you remember testifying that you watched Freddy Krueger on T.V. the night of the Bon Jovi concert?

A. I'm not saying that. We rented it, a tape of Freddy Krueger.

Q. Do you remember testifying that it was specifically T.V. and not a tape?

A. No.

The State objected to this line of questioning because defense counsel wanted the victim to "differentiate between watching a tape through a cathode ray tube television set and watching television through a cathode ray tube television set." The court sustained the objection because the question had been asked and answered. This court has the benefit of reviewing the previous testimony as part of the record on appeal. On direct examination in the previous trial, the State asked the victim if he watched "video movies" of Freddy Krueger and the victim nodded his head. On cross-examination, defense counsel asked the victim if he watched Freddy Krueger, the television program. The victim replied, "Uh-huh." He later said the program was a weekend show and he remembered watching Freddy Krueger the night of the Bon Jovi concert which was a weeknight.

 This court views the evidence and all reasonable inferences in the light most favorable to the state and disregards all contrary evidence. *State v. Livingston*, 801 S.W.2d 344, 345 (Mo. banc 1990). Weight and credibility of a witness who makes inconsistent statements is an issue for the jury to decide. *State v. Williamson*, 809 S.W.2d 16, 19 (Mo.App.1991). The United States and the Missouri constitutions guarantee criminal defendants the right to confront their accusers and conduct cross-examinations. *State v. Dunn*, 817 S.W.2d 241, 244 (Mo. banc 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1689, 118 L.Ed.2d 403 (1992). However, the right of the defendant has limitations. *Id.* at 244. The defendant must be given "an opportunity for effective cross-examination, but not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id., quoting Kentucky v. Stincer*, 482 U.S. 730, 739, 107 S.Ct. 2658, 2664, 96 L.Ed.2d 631 (1987). Cross-examination is sufficient if the defendant has the opportunity to bring out such matters as the witness' bias or bad memory. *Dunn*, 817 S.W.2d at 244, *quoting United States v. Owens*, 484 U.S. 554, 559, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988). The trial court has discretion to restrict cross-examination. *Id.* at 245.

 The judge afforded the defense the opportunity to elicit the inconsistencies during cross-examination. An advocate may introduce a previous inconsistent statement when the witness equivocates about a prior statement. *State v. Jones*, 652 S.W.2d 880, 882 (Mo.App.1983). In this case, the defense laid the proper foundation for the inconsistent statements when the victim said he did not remember making the statements. As far as the cross-examination, which is the defendant's point on appeal, the judge did not cut short the series of questions asked by defense counsel to demonstrate the prior inconsistencies. As such, the judge did not commit reversible error.

This case really involves the trial court's ruling on the objections made by the State while the defense attorney tried to lay a foundation to enter the transcript into evidence. As to the objections made when defense counsel attempted to lay a foundation to enter the transcript, even if the judge erred in sustaining the objections, the defendant did not suffer any prejudicial error. *See State v. Blockton*, 703 S.W.2d 500, 505 (Mo.App.1985).

 As his second point, the defendant requests plain error review of statements made by the prosecutor during closing arguments. Although the statements made during closing argument border on the limits of what is proper, this court finds plain error review affords the defendant no

relief. Plain error review is warranted if " 'the alleged error so substantially affects the rights of the accused that a manifest injustice or a miscarriage of justice inexorably results if left uncorrected.' " *State v. Hadley*, 815 S.W.2d 422, 423 (Mo. banc 1991). It is improper for a prosecutor to define "reasonable doubt" in closing argument. *State v. Fleming*, 577 S.W.2d 174, 176 (Mo.App.1979). However, a prosecutor may discuss reasonable doubt during closing argument. *Id.* at 176. The prosecutor in this case said, "The search is not for a reasonable doubt. The search is for the reasonable truth." The defense counsel objected and the judge told the prosecutor to rephrase the argument. Again, the prosecutor said the "search is for the reasonable truth, ... not for the reasonable doubt." The prosecutor flirted with yet another mistrial and this court will not condone such tactics again. This court will not convict the trial court of error for failing, *sua sponte*, to impose the drastic remedy of a mistrial. Defense counsel's objections were in essence sustained and the improper argument did not receive the "imprimatur of the trial court." *State v. Williams*, 659 S.W.2d 778, 782 (Mo. banc 1983). Under plain error review, the comments did not result in manifest injustice or a miscarriage of justice.

Judgment affirmed.