Frank DEHN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 48343.

Missouri Court of Appeals,
Western District.

Jan. 10, 1995.

As Modified Feb. 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1995.

Application to Transfer Denied
April 25, 1995.

---

Laura G. Martin, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, P.J., and KENNEDY and BERREY, JJ.

ULRICH, Presiding Judge.

Frank Dehn appeals the denial of his Rule 24.035 postconviction motion following his conviction pursuant to guilty pleas for attempted stealing, §§ 564.011 and 570.030, RSMo 1986, and for tampering in the first degree, § 569.080.1(2), RSMo 1986. He was sentenced to terms of 10 years and 15 years respectively. Mr. Dehn's postconviction motion asserted that the state had agreed to a plea agreement that would have permitted a lesser penalty and that the state breached this agreement and required him to enter a plea agreement less favorable to him for his guilty plea. Additionally, Mr. Dehn's postconviction motion claimed that the trial court, in accepting his guilty plea and sentencing him for attempted stealing and tampering in the first degree, violated his United States Constitutional right against double jeopardy.

He asserts the motion court erred in denying his postconviction motion.

The judgment denying Mr. Dehn's Rule 24.035 postconviction motion is affirmed.

Mr. Dehn was charged by Information filed on November 20, 1987, in the Circuit Court of Johnson County with one count of attempted stealing, § 564.011, RSMo 1986, and 570.030, RSMo 1986, and one count of tampering in the first degree, § 569.080.1(2), RSMo 1986. By Amended Information on December 4, 1987, Mr. Dehn was also charged as a prior offender, § 557.036.4, RSMo 1986 and § 558.016, RSMo 1986 and a persistent offender, § 557.036.4, RSMo 1986 and 558.016, RSMo 1986.

On January 13, 1988, Mr. Dehn moved to either dismiss the information or to allow him to plead guilty to a single count of attempted stealing in exchange for a 10–year sentence to be served concurrently with several state and federal sentences. Mr. Dehn asserted by motion that the ten year concurrent sentence in exchange for his guilty plea to a single count was a plea bargain previously agreed to by the prosecutor.

On January 25, 1988, the court denied Mr. Dehn's motions. The court stated that even assuming the prosecutor had made the offer Mr. Dehn alleged her to have made, the court would not accept it and would not agree to allow the appellant to plead guilty to a single charge in exchange for a ten-year concurrent sentence.

After a change of venue, Mr. Dehn appeared in the Circuit Court of Cass County on March 11, 1988, where he entered guilty pleas to the attempted stealing and tampering charges. The guilty pleas were entered as part of a plea agreement in which the State agreed that, in exchange for his pleas of guilty, Mr. Dehn would be sentenced as a "persistent offender" to a 15–year term of imprisonment for tampering, and a concurrent 10–year sentence for attempted stealing, with the sentences to be served concurrently with several state and federal sentences.

On February 4, 1992, Mr. Dehn filed a *pro se* motion pursuant to Rule 24.035, alleging double jeopardy in that he had been subjected to punishment twice for the same act of attempted stealing and seeking to set aside his conviction and sentence for tampering.[1]

He filed an amended motion on April 20, 1992, seeking to dismiss the amended information and alleging prosecutorial misconduct claiming the prosecuting attorney refused to make the sentencing recommendations originally offered.

The motion court held an evidentiary hearing on November 4, 1992. Mr. Donald Petty, Mr. Dehn's attorney while he was incarcerated at the United States Penitentiary in Leavenworth, Kansas, testified the prosecuting attorney told him that she would recommend a ten-year sentence to run concurrently with other state and federal sentences. Mr. Dehn testified that his attorney stated the plea offer was for a single count of attempted stealing of a 1980 International Harvester road tractor, trailer, and cat highloader and that Mr. Dehn must agree to be extradited back to Johnson County.

Mr. Petty testified that Mr. Dehn accepted the plea offer and that a phone conversation Mr. Petty had with the prosecutor confirmed the offer of a 10–year sentence to run *concurrently* with Mr. Dehn's other convictions. Mr. Petty further testified that in a later conversation with the prosecutor, the prosecutor told him the plea offer extended to Mr. Dehn was for a 10–year sentence to be served *consecutively* with Mr. Dehn's other cases.

The prosecutor, however, testified that the original plea offer was for a 15–year sentence to run *consecutively* with Mr. Dehn's federal sentence. The prosecutor testified that she wrote Mr. Perry a letter stating that an amended information would be filed against Mr. Dehn. She testified that she wrote another letter extending a plea offer of a 10–year sentence to run *consecutively* with Mr. Dehn's other cases.

1. Mr. Dehn was returned to the custody of the United States after he was sentenced on the charges pending in Johnson County, Missouri. After completing his sentences in other jurisdictions, he was presented to the custody of the Missouri Department of Corrections to complete service of the Missouri sentences and timely filed his postconviction motions.

After Mr. Dehn was extradited to Johnson County, Missouri, Mr. Perry told him about the amended information and the plea offer of imprisonment terms of 10 and 15 years on the charges of attempted stealing and tampering. Mr. O'Bannon, an assistant public defender, became Mr. Dehn's attorney at this point. Mr. Dehn explained to Mr. O'Bannon that this last plea offer was not the same plea offer previously communicated. Consequently, the assistant public defender filed the motion to enter a guilty plea pursuant to the claimed plea agreement or alternatively to dismiss the pending information.

On August 18, 1993, the motion court in its findings of fact and conclusions of law found that no prosecutorial misconduct had occurred and that Mr. Dehn's convictions did not violate the prohibition against double jeopardy. The court's order properly denied Mr. Dehn's Rule 24.035 postconviction motion.

From this final order, Mr. Dehn appeals.

Mr. Dehn claims the motion court erred in denying his motion and in finding the prosecution had not breached an earlier plea agreement by refusing to allow Mr. Dehn to plead guilty to a single charge of attempted stealing in exchange for a 10–year sentence running concurrently with other state and federal convictions. Mr. Dehn claims he pleaded guilty and was sentenced as a result of a subsequent plea agreement. Although Mr. Dehn raises another point, this point is dispositive.

■ Appellate review of the denial of a Rule 25.035 motion for post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law of the hearing court are clearly erroneous. *Leisure v. State*, 828 S.W.2d 872, 873–74 (Mo. banc), *cert. denied*, 506 U.S. ——, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992); Rule 24.035(j). Findings of fact and conclusions of law are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Hubbard v. State*, 875 S.W.2d 221, 223 (Mo. App.1994).

Although both Mr. Dehn and his original attorney, Mr. Donald Petty, testified at the Rule 24.035 hearing that Ms. Mary Ann Young, Assistant Johnson County prosecutor, had originally offered Mr. Dehn a 10–year sentence in exchange for a 10–year concurrent sentence, Ms. Young denied the claimed offer. She stated that her original offer was for a ten-year sentence concurrent with a proposed 10–year sentence in a Lafayette County case, but consecutive to the other sentences the appellant was then serving. Furthermore, Ms. Young stated that Mr. Dehn never accepted her offer.

■ The motion court accepted Ms. Young's testimony as true. Since the motion court determines the credibility of witnesses, this court will defer to that determination on appeal. *Royal v. State*, 868 S.W.2d 552, 555 (Mo.App.1994).

■ Rule 24.02(d)(2) & (4) expressly provides that a trial judge may reject a proposed plea agreement provided he advises the defendant of his rejection prior to acceptance of defendant's guilty plea. Thus, even if the prosecutor offered and accepted the alleged proposal, the trial court was not bound by the agreement and could have rejected the plea in the exercise of its sound judicial discretion. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971).

■ Even had the trial court believed a previous plea agreement with the state as claimed by Mr. Dehn had occurred, such agreement reached by the defense counsel and the prosecutor would have merely been an executory agreement, the breach of which does not deprive an accused of liberty or any other constitutionally protected interest unless the agreement is embodied in the judgment of a court. *Mabry v. Johnson*, 467 U.S. 504, 507–08, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984). Furthermore, a defendant may not receive specific performance to enforce such an executory plea agreement. *State v. Strauss*, 779 S.W.2d 591, 594 (Mo. App.1989).

■ Mr. Dehn contends that he relied, to his detriment, on the first plea offer, when he agreed to waive extradition and return to Missouri to answer to the charges in Cass

County. Even without Mr. Dehn's consent, the State would have secured Mr. Dehn's temporary custody under Article IV of the "Agreement on Detainers." § 217.490, RSMo 1986. Consequently, Mr. Dehn would have had to confront the charges in Cass County eventually and cannot be said to have detrimentally relied on the first plea agreement to his detriment and, therefore, be entitled to relief.

The only change in position that could be considered "detrimental reliance" to Mr. Dehn would be the actual entry of an involuntary guilty plea; not until that point has a defendant been deprived of any constitutionally protected liberty interest. *Stokes v. Armontrout,* 851 F.2d 1085, 1090[5] (8th Cir.1988). If a defendant learns of a change in the plea agreement prior to entering his plea, a "detrimental reliance" argument is improper. *United States v. Coon,* 805 F.2d 822, 825[1] (8th Cir.1986). "At that stage, the defendant still has the option of pleading not guilty and proceeding to trial." *Id.*

Mr. Dehn, however, chose to accept a plea offer that consisted of concurrent sentences of 10 years and 15 years—exactly the disposition he received. He cannot now successfully argue that he was denied due process of law because he did not receive the sentence of an alleged plea agreement the prosecution said it never offered him and the court said it would not accept.

The judgment of the motion court denying Mr. Dehn's Rule 24.035 postconviction motion is affirmed.

All concur.