STATE of Missouri, Respondent,

v.

Donna DIXON, Appellant.

No. WD 50456.

Missouri Court of Appeals,
Western District.

May 21, 1996.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

Donna Dixon appeals her conviction after jury trial for stealing over $150.00, Section 570.030, RSMo 1994. She alleges the trial court erred in not allowing her to enquire during cross examination of Dennis Sandlin regarding his knowledge of Donna's miscarriage a month after the arrest. She also appeals the denial of her Rule 29.15 post-conviction motion after an evidentiary hearing.

The judgment of conviction and denial of the post-conviction motion are affirmed.

Donna Dixon was arrested after an incident at Dillard's Department store on December 22, 1993. Ms. Dixon and a friend had made several trips into the ladies' dressing room carrying armfuls of clothing. Ms. Dixon returned several items of clothing to the rack. Ruth Coppenbarger, a sales associate, went into the dressing room after Ms. Dixon and her companion had left and realized that a jogging suit valued at $198 was missing.

Ms. Coppenbarger then contacted Mr. Jay Bosch, the area manager. He had previously noticed Ms. Dixon had taken clothing from his area but had not returned it. He called Vernon Taylor, store security, about the situation.

Mr. Taylor and Mr. Dennis Sandlin, assistant store manager, confronted the women and had them return to the dressing room. Ms. Dixon's friend removed several stolen items from within the coat that she was wearing. Mr. Sandlin asked if Donna was warm and would like to remove her coat. She replied that she was not warm, but tired. Mr. Sandlin then examined a dressing room for merchandise and after ensuring that the room was empty, placed Ms. Dixon inside. Mr. Sandlin then saw Ms. Dixon moving about in the dressing room. The security officer observed her removing merchandise from her coat and clothing. Mr. Sandlin then requested a female sales manager to assist because he knew Ms. Dixon was pregnant. When police officers arrived, Mr. Sandlin again examined the dressing room Ms. Dixon had occupied and found a pile of clothing behind the door.

The jury returned its guilty verdict. The court, after finding Ms. Dixon to be a persistent offender, entered its judgment of conviction and sentenced her to four years imprisonment. Ms. Dixon then filed a Rule 29.15 motion alleging ineffective assistance of counsel. A hearing was held on the motion and the motion court denied relief. Ms. Dixon now appeals her conviction and denial of her Rule 29.15 motion.

## I. Cross–Examination

■ Ms. Dixon's first point on appeal alleges that the trial court erred in precluding her cross-examination of Dennis Sandlin regarding his knowledge of her miscarriage one month after her arrest. She claims that this information went to the witness' motive, bias or prejudice toward her in that he was concerned about a civil suit premised on this event.

■ The trial court has broad discretion to control cross-examination. *State v. Boone,* 869 S.W.2d 70, 76 (Mo.App.1993). This court will not interfere with the exercise of that discretion unless it is clearly abused. *State v. Coats,* 835 S.W.2d 430, 433 (Mo.App.1992).

During the cross examination of Mr. Sandlin, the defense elicited that when the incident occurred, he attempted to act in Dillard's best interest. He asserted that he tried to avoid false arrests because they subjected Dillard's to civil suits and he could lose his job if someone was falsely arrested. The defense then tried to ask if Mr. Sandlin knew that a month after he had caused Ms. Dixon's arrest she miscarried. The state objected. The trial court then precluded questioning regarding Ms. Dixon's miscarriage. Ms. Dixon argues that information about her miscarriage and Mr. Sandlin's awareness of it was intended to demonstrate that Mr. Sandlin was biased and worried about a potential lawsuit.

The Confrontation Clause of the Sixth Amendment guarantees the defendant an opportunity for effective cross-examination of a witness who testifies against him. *State v. Brasher,* 867 S.W.2d 565, 568 (Mo. App.1993). However, this right to conduct cross-examination has limitations. *State v. Tate,* 850 S.W.2d 385 (Mo.App.1993). The trial judge may impose reasonable limitations on cross-examination including counsel's inquiry into the witness's bias. *Brasher,* 867 S.W.2d at 568.

Ms. Dixon was not precluded from exploring Mr. Sandlin's possible bias. She was able to elicit on cross-examination that he was concerned for Dillard's best interest including concern about the potential for civil suits against Dillard's for false arrests. The defendant's right to confrontation is not impinged if "the defendant has the opportunity to bring out such matters as the witness's bias." State v. Dunn, 817 S.W.2d 241, 244 (Mo. banc 1991), *cert. denied,* 503 U.S. 992, 112 S.Ct. 1689, 118 L.Ed.2d 403 (1992).

Trial judges are permitted wide latitude to impose reasonable limits on cross-examination to avoid prejudice, confusion of the issues and interrogation that is only marginally relevant. *Id.* The questioning about Ms. Dixon's miscarriage a month after the arrest is at best marginally relevant and prejudicial. No showing was made that the miscarriage was in any way related to Ms. Dixon's arrest a month earlier. Inquiring into the subject could have confused the issues before the jury. The trial court did not abuse its discretion in precluding this question on cross-examination.

Point I is denied.

## II. Rule 29.15 Motion

Ms. Dixon also claims that the motion court erred in overruling her Rule 29.15 motion for post-conviction relief alleging ineffective assistance of counsel. She alleges that her trial counsel was ineffective in failing to object to her appearance at trial in a leg restraint.

Appellate review of a motion court's denial of a postconviction relief motion is limited to determining whether the findings of fact and conclusions of law were clearly erroneous. Rule 29.15(j). Findings and conclusions are clearly erroneous only if after review of the entire record this court is left with a definite and firm impression that a mistake has been made. *Dehn v. State,* 895 S.W.2d 55, 58 (Mo.App.1995). The findings of a motion court are presumed correct. *Reece v. State,* 891 S.W.2d 863, 865 (Mo.App. 1995).

To prevail on a claim for ineffective assistance of counsel, the movant must satisfy a two-prong test. First, the movant must show that counsel's performance was deficient in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and second, that this deficient performance prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Prejudice exists only when trial counsel's error is outcome determinative. *State v. Harris,* 870 S.W.2d 798, 814(Mo. banc 1994), *cert. denied* — U.S. —, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

Ms. Dixon asserts ineffective assistance of counsel because of trial counsel's failure to object to the requirement that Ms. Dixon appear in court wearing a leg restraint that bound her left leg from her thigh to her ankle. The restraint that she was required to wear was under her clothing and not visible. No evidence was presented during the Rule 29.15 evidentiary hearing that the jury could see the restraint. Since no evidence was presented that the jury could see her restraint, she was not prejudiced by her counsel's failure to object. Without the jury's observing the restraint, the presumption of innocence could not have been diminished as claimed by Ms. Dixon. No prejudice existing, the motion court's decision is not clearly erroneous.

The judgment of conviction and denial of the post-conviction motion are affirmed.

All concur.