**STATE of Missouri, Respondent,**

v.

**Fred BROWN, Appellant.**

**Nos. WD 50322, WD 51729.**

Missouri Court of Appeals,
Western District.

Nov. 5, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 24, 1996.

Application to Transfer Denied
Feb. 25, 1997.

---

Rosemary E. Percival, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, David R. Truman, Assistant Attorney General, for respondent.

Before ULRICH, C.J., Presiding, and BRECKENRIDGE and HANNA, JJ.

ULRICH, Chief Judge.

Fred Brown appeals his conviction after jury trial for assault in the second degree, section 565.060, RSMo 1994. He was charged as a persistent and class X offender pursuant to sections 557.036.4, 558.016 and 558.019, and sentenced to fifteen years imprisonment. He appeals his conviction, claiming insufficient evidence was presented to support his convictions. He also appeals the denial of his Rule 29.15 post-conviction motion after an evidentiary hearing.

The judgment of conviction and the order denying the postconviction motion are affirmed.

The evidence at trial disclosed that October 5, 1993, a truck parked outside the home of Larry Cridlebaugh, owner of the vehicle and off-duty detective with the Kansas City Police Department, was struck by a U–Haul truck driven by Sam Fields. The U–Haul truck stopped a short distance from the accident. After examining the damage to his truck, Mr. Cridlebaugh, who was not in uniform, approached Mr. Fields, who was standing next to the U–Haul truck. During the ensuing conversation, Mr. Fields suggested that the accident be resolved without contacting the police. Mr. Cridlebaugh, however, identified himself as a police officer and attempted to reach into his back pocket which contained his identification. Fred Brown, who was sitting nearby on the porch steps of an adjacent home, suddenly yelled at Mr. Cridlebaugh and rushed at him, striking Mr. Cridlebaugh in the left eye with his fist. Mr. Brown, who had been helping Mr. Fields, explained that he hit Mr. Cridlebaugh "[o]ut of an instinct he gets when he drinks." As a consequence of the damage sustained to his eye, Mr. Cridlebaugh was reassigned to a desk job and, absent improvement to his vision, will lose his position on the police force altogether.

The jury found Mr. Brown guilty of second degree assault, and the trial court sentenced him as a prior persistent and class X offender to fifteen years imprisonment.

Mr. Brown filed a *pro se* Rule 29.15 motion, and appointed counsel filed an amended

Rule 29.15 motion alleging defense counsel was ineffective for failing to call Thomas Fields as a witness. A hearing was held on the motion and the motion court denied relief. Mr. Brown appeals his conviction and the denial of his Rule 29.15 motion.

## I. Sufficiency of Evidence

█ Mr. Brown's first point on appeal alleges that the trial court erred in denying his motions for acquittal premised on the allegation that insufficient evidence was presented to support his conviction for assault in the second degree. He specifically alleges that the evidence was insufficient to prove beyond a reasonable doubt that when he struck Mr. Cridlebaugh's eye with his fist, he consciously disregarded a substantial risk of serious physical injury to Mr. Cridlebaugh.

█ Review of this challenge is limited to determining whether sufficient evidence was presented from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995); *State v. Idlebird,* 896 S.W.2d 656, 660 (Mo.App.1995). A reviewing appellate court views the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the state and disregards all evidence and inferences to the contrary. *Id.* The reviewing appellate court neither weighs the evidence nor determines the reliability or credibility of witnesses. *Idlebird,* 896 S.W.2d at 660–661. This court also considers any portions of defendant's evidence which would support a finding of guilty. *State v. Townsend,* 870 S.W.2d 501, 502 (Mo.App.1994); *State v. Johnson,* 447 S.W.2d 285, 287 (Mo. 1969).

The applicable statute states:

A person commits the crime of assault in the second degree when:

he ... (3) Recklessly causes serious physical injury to another person.

§ 565.060.1(3), RSMo 1994.

The verdict director instructed the jury that:

A person acts "recklessly" as to causing serious physical injury if he consciously disregards a substantial and unjustifiable risk that his conduct will result in serious physical injury and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation.

§ 562.016.4 RSMo 1994.

█ The evidence was sufficient for the jury to find Mr. Brown guilty beyond a reasonable doubt of second degree assault. A defendant is criminally responsible for assault in the second degree by whatever means it was accomplished, provided the resultant injury was proximately caused by his unlawful act. *State v. Toran,* 878 S.W.2d 913 (Mo.App.1994); *State v. Vaughn,* 707 S.W.2d 422, 426 (Mo.App.1986). As to causation, Mr. Brown on appeal does not deny that he caused serious physical injury to Mr. Cridlebaugh's eye.[1] He does maintain however, that based on the facts presented at trial, a reasonable juror could not have found his action to be "reckless" as defined by § 562.016.4. He asserts that a reasonable person could not have foreseen the extent of the injury to Mr. Cridlebaugh's eye arising from merely one blow to the face with a closed fist. His theory follows that because he did not specifically intend to hit Mr. Cridlebaugh in the eye, he did not contemplate that risk, nor, therefore, did he consciously disregard the risk of injury to Mr. Cridlebaugh's eye. Mr. Brown, without provocation, ran at Mr. Cridlebaugh from behind and, as he turned toward Mr. Brown, he was struck in the face with Mr. Brown's closed fist. The facts support the conclusion that Mr. Brown intended to do the act that caused the injury to Mr. Cridlebaugh's eye. *Gary Surdyke Yamaha, Inc. v. Donelson,* 743 S.W.2d 522, 525 (Mo.App.1987). Mr. Brown intended to strike Mr. Cridlebaugh's face with his closed fist, consciously disregarding the considerable risk that he might hit Mr. Cridlebaugh's eye and cause substantial injury. A reasonable person would foresee that a blow directed at the face might strike the

---

1. "Serious physical injury" embodies one of three types of injury. It is an injury that (1) creates a substantial risk of death or (2) causes serious disfigurement or (3) causes protracted loss or impairment of the function of any part of the body. Sec. 556.061(28).

eye and that the act may produce injury as the present case illustrates. Considering the facts presented, the jury reasonably concluded that Mr. Brown ignored a very real and substantial risk of serious injury to Mr. Cridlebaugh's eye by deliberately striking Mr. Cridlebaugh's unprotected face with a closed fist with such force as to rupture his eye. *See State v. Wheadon,* 779 S.W.2d 708, 711 (Mo.App.1989) ("fists can ... be a force to produce death or great bodily harm."). Moreover, Mr. Brown's disregard for the risks posed by his action is a gross deviation from the standard of care due from a reasonable person in similar circumstances. The trial court did not err in overruling Mr. Brown's motion for judgment of acquittal at the close of the evidence. Point one is denied.

## II. Rule 29.15 Motion

■ Mr. Brown also claims that the motion court erred in overruling his Rule 29.15 motion for post-conviction relief alleging ineffective assistance of counsel. He alleges that his trial counsel failed to call a witness to testify.

■ Appellate review of a motion court's denial of postconviction relief motion is limited to determining whether the findings of fact and conclusions of law were clearly erroneous. Rule 29.15(j). Findings and conclusions are clearly erroneous only if after review of the entire record this court is left with a definite and firm impression that a mistake has been made. *Dehn v. State,* 895 S.W.2d 55, 58 (Mo.App.1995).

■ To prevail on a claim for ineffective assistance of counsel, the movant must satisfy a two-prong test: (1) the movant must show that counsel failed to exercise the customary skill and diligence that a reasonable competent attorney would perform under similar circumstances; and (2) the counsel's failure prejudiced the defendant. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984); *State v. Dixon,* 922 S.W.2d 75, 77 (Mo.App.1996).

Prejudice exists only when trial counsel's failure is outcome determinative. *State v. Harris,* 870 S.W.2d 798, 814 (Mo. banc 1994), cert. denied —— U.S. ——, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

■ Mr. Brown asserts ineffective assistance of counsel because of trial counsel's failure to call Thomas Fields to testify. Defense counsel's decision not to call a witness to testify is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless appellant clearly establishes otherwise. *State v. Walden,* 861 S.W.2d 182, 186 (Mo.App.1993). The movant must also show that the witness would have testified if called and that the testimony would have provided any viable defense. *State v. Johnson,* 901 S.W.2d 60, 63 (Mo.1995). Nevertheless, while the exercise of trial strategy is presumed to be effective but not beyond challenge, *State v. Johnson,* 829 S.W.2d 630, 633 (Mo.App.1992), "[a] decision not to call witnesses to testify, as a matter of trial strategy, is virtually unchallengeable." *Leisure v. State,* 828 S.W.2d 872, 875 (Mo. banc 1992), *cert. denied,* 506 U.S. 923, 113 S.Ct. 343, 121 L.Ed.2d 259 (1992).

Mr. Brown's defense was based entirely on his assertion that he was mistakenly identified as the assailant. Mr. Fields, who was available, allegedly would have testified that the identification of Mr. Brown as assailant was incorrect.

Defense counsel's decision not to call Mr. Fields as a witness was understandable and a reasonable trial strategy for several reasons: (1) Mr. Fields had previously given written statements to the police identifying Mr. Brown as the assailant; (2) he appeared intoxicated to counsel the day of trial and displayed belligerence and hostility; (3) he was currently incarcerated for driving while intoxicated; (4) he had prior convictions for rape and robbery; and (5) counsel thought that the testimony was not needed.[2] Point two is denied.

---

**2.** Although not determinative of whether counsel rendered effective assistance, the fact the jury, after five hours of deliberations, notified the judge that it could not reach a verdict, does lend credence to the counsel's trial strategy.

The judgment of conviction and denial of the post-conviction motion are affirmed.

All concur.

